UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PHILIP A. BRALICH,

                              Plaintiff,

          -against-

FOX NEWS NETWORK, LLC; MSNBC; CNN
WORLDWIDE; REPUBLICAN NATIONAL
PARTY; DEMOCRATIC NATIONAL
PARTY; DONALD J. TRUMP,

                              Defendants.

20-CV-9161 (LLS)

ORDER TO AMEND

LOUIS L. STANTON, United States District Judge:

        Plaintiff brings this action *pro se*. By order dated November 19, 2020, the Court granted

Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP"). For

the reasons set forth below, the Court grants Plaintiff leave to file an amended complaint within

sixty days of the date of this order.

STANDARD OF REVIEW

        The Court must dismiss an IFP complaint, or any portion of the complaint, that is

frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary

relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see*

*Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also

dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P.

12(h)(3).

        While the law mandates dismissal on any of these grounds, the Court is obliged to

construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret

them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in

original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits –

to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil

Procedure, which requires a complaint to make a short and plain statement showing that the

pleader is entitled to relief.

The Supreme Court has held that under Rule 8, a complaint must include enough facts to

state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the

Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing

the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v.

Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals

of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550

U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court

must determine whether those facts make it plausible – not merely possible – that the pleader is

entitled to relief. *Id.*

## BACKGROUND

The following allegations are taken from the complaint, which is lengthy and unfocused.

Plaintiff begins,

Since the announcement of the candidacy of Governor Ronald Reagan for
President on November 13, 1979 for the 1980 election for the office of President
of the United States of America, the herein named defendants and a great cohort
of many like them have knowingly and willingly and with great malice of
forethought violated every and all principles of responsible, first amendment
protected speech to engage in the most egregious and vile hate speech and bigotry
in regards to political opponents and parties, the poor, indigent, academics, and a
number of other unprotected classes (from the point of view of established civil
rights) for over fifty years to destroy family lives, social lives, and careers of said
opponents and their employers, employees, and affiliated parties in an effort to
gain unfair advantage in the advancement and maintenance of their own careers
and net worth and to gain political office at the expense of the greater principles
and laws of the United States and its citizens and residents and to the great

2

detriment of these unprotected classes, the citizens of the United States, and its
laws and principles.

(*Id.* at 6-7.)[1]

> In short, it is as though they have gathered together all the hatred and bigotry that
> had previously been directed toward the recognized and identified protected
> classes and simply gathered it together, relished in it, and redirected it toward new
> targets from unprotected and as yet not clearly defined classes such as academics,
> political parties of affiliations, and the indigent, and have dispensed with all of
> their education, training, and reserve in order to take advantage of the
> unrecognized-by-the-law classes to gain unfair political and economic advantages
> for themselves and their cohorts and to 'get away with it' through their knowledge
> of which are and which are not protected classes and the ability to affect a
> different tone and demeanor with each. In this activity, they are arrogantly and
> deliberately flaunting the laws they are sworn to protect or at least claim to protect
> if not sworn to do so in the very faces of the citizenry and legal institutions of the
> United States, and they openly scoff at, deride, and then target for the same
> discriminatory behaviors, those responsible authorities who seeks to curtail their
> behaviors.

(*Id.* at 7.)

> Defendants have

> through deliberate organization, planning, marketing, advertising, reporting,
> recruiting, hiring, publishing, and expense created a hostile environment
> throughout the nation, beginning from within their workplaces in their
> corporations and the U.S Government via their stars, guests, producers, recruiters,
> advertisers, and colleagues through to that of their viewing audiences and from
> them to every workplace, home, and social environment both public and private
> throughout the nation.

(*Id.* at 8.)

Plaintiff "first notice[d]" this "level of harassment for beyond the norms of civil behavior

in November of 1982," following a one-year trip to Japan. (*Id.*) He alleges that "a minor but

quite noticeable handicap in the form of a distinct limp and a crooked tibia which is noticeable to

a viewer as well as a slightly staggered gait and leaning stance" have made him "a particularly

---

[1] Page numbers refer to those generated by the Court's electronic filing system.

easy to recognize and identify target of the discrimination described herein, and this has been overtly and widely admitted by the offenders as the source of their particular focus on him." (*Id.* at 8-9.)

Plaintiff asks the Court to "redefin[e] civil rights in a manner without a reference to particular groups." (*Id.* at 10.) Under such a redefinition, "further cases like this one will be prevented as the problem of the abuses of hate speech, bigotry, and discrimination by the defendants and their like toward unrecognized classes will have been resolved." (*Id.*)

Despite "sound education, training and experience," Plaintiff's "resume is riddled with gaps of between a few months or a year or more in which he could not work in his chosen career of linguistics/language teaching." (*Id.* at 28.) Many of these gaps are due to "problems encountered in the work place which were riddled with specific stories promulgated within Shambhala[2] and which compromised [Plaintiff's] professional and social standing and made him a prime target for cutbacks and layoffs." (*Id.*)

In a section titled, "Current and future pain and suffering," Plaintiff asserts that he has been left with a permanent disability, the symptoms of which

> include but are not limited to hypervigilance, defensiveness and a defensive posture, fear, grief, worry, anguish, shame, personal and public humiliation, embarrassment, severe disappointment, despair, indignation, wounded pride, anger, torment, anxiety, depression, inconvenience, diminished quality of life, the loss of much of the enjoyment of life including the enjoyment of holidays and special occasions, loss of either receiving or tendering ordinary love and affection, care, and companionship, loss of the possibility of imparting parental knowledge or guidance, loss of possibility of spousal intimacy, fears or and defensive postures against false imprisonment, malicious prosecution, assault, battery, rape, and murder, distress over disability and its continuance, exacerbation of, inability to recover from, and new sources of PTSD, fears of homelessness, an unrecoverable good reputation, career, social life, and family life, being labeled or having a reputation as a sexual deviant, criminal or an ex-convict, inability to own

---

[2] Shambhala is an international community of Tibetan Buddhists. (*See id.* at 24-26.) Plaintiff states in his complaint that he has attended retreats held at several Shambhala centers.

or run a business, loss of consortium with family members, and social isolation
and fears and distress concerning social engagement.

(*Id.* at 29.)

Plaintiff asserts that Defendants have violated 42 U.S.C. §§ 1981a, 1983; the First,

Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, Tenth, and Fourteenth Amendments; 18 U.S.C.

§§ 241, 242, 245, 247; 42 U.S.C. §§ 3631, 14141; 28 U.S.C. § 4101; as well as what appear to be

sections of a manual created by the United States Department of Justice. (*See id.* at 30-52.)

He seeks money damages and an injunction requiring Defendants "to cease and desist all

hate speech, hate crimes, bigotry, and discrimination against himself specifically and by

extension (though not as co-plaintiffs) to all others who represent members of social classes

among the citizens and residents of the United States of America[] that are not currently

recognized in typical lists of protected classes."[3] (*Id.* at 9.)

### DISCUSSION

The Court's "special solicitude" for *pro se* pleadings, *Ruotolo v. IRS*, 28 F.3d 6, 8 (2d

Cir. 1994), has its limits, because *pro se* pleadings still must comply with Rule 8(a) of the

Federal Rules of Civil Procedure. Under Rule 8(a)(2), a complaint must contain "a short and

plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

Thus, a complaint's statement of claim should not be prolix (lengthy) or contain unnecessary

---

[3] On November 16, 2020, Plaintiff filed a document that he titles, "Addendum: Argument From Presumption, Federal Rule of Evidence 301." (ECF No. 4.) In the submission, Plaintiff argues that "the evidence concerning the claims in the complaint are so well-known and so widely recognized as a problem of pressing National Interest, and so easily recognized in the press and media in daily public and private conversations . . . that the burden of proof in this matter is on the defendants, and it us up to them to demonstrate, nay, legally prove, the contrary in the face of the overwhelming public opinion, press and media reports in general, but particularly by the defendants against each other in their very public attacks on the opposing parties and indigents, each other, and the common discourse to the contrary." (*Id.* at 2-3.)

details. *See Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988) (noting that under Rule 8(a)(2), the statement of claim "should be short because '[u]nnecessary prolixity in a pleading places an unjustified burden on the court and the party who must respond to it because they are forced to select the relevant material from a mass of verbiage'") (citation omitted); *Prezzi v. Schelter*, 469 F.2d 691, 692 (2d Cir. 1972) (holding that complaint did not comply with Rule 8 because "it contained a labyrinthian prolixity of unrelated and vituperative charges that defied comprehension"); *see also The Annuity, Welfare and Apprenticeship Skill Improvement & Safety Funds of the Int'l Union of Operating Eng'rs Local 15, 15A, 15C & 15D, AFL-CIO v. Tightseal Constr. Inc.*, No. 17-CV-3670 (KPF), 2018 WL 3910827, at *12 (S.D.N.Y. Aug. 14, 2018) ("[C]ourts in this Circuit have dismissed complaints that are unnecessarily long-winded, unclear, or conclusory.")

Plaintiff's complaint fails to comply with Rule 8. The 53-page type-written complaint is disjointed and includes lengthy and unnecessary digressions that appear to have little bearing on any legal claims Plaintiff may be asserting. For example, Plaintiff responds to a question on the complaint form asking for the approximate date and time the events giving rise to his claims occurred by writing, "In principle and in general, since the dawn of man or perhaps, the dawn of civilization or arguably the bronze age, but particularly since the candidacy of Governor Ronald Reagan for President of the United States of America . . . ." (ECF No. 1, at 13.)

To the extent that the Court is able to make sense of the complaint, the Court can discern no cognizable legal claim for which Plaintiff has standing to assert. Under Article III's standing requirement, a party must show (1) "an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Gill v. Whitford*, 138 S. Ct. 1916, 1929 (2018) (quoting *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540,

1547 (2016)). "Foremost among these requirements is injury in fact – a plaintiff's pleading and proof that he has suffered the 'invasion of a legally protected interest' that is 'concrete and particularized,' *i.e.*, which 'affect[s] the plaintiff in a personal and individual way.'" *Id.* (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 n.1 (1992)).

Plaintiff alleges a wide range of injuries but none of those facts suggest that any injury resulted from "an invasion of a legally protected interest" or that any alleged injury is traceable to Defendants. In fact, as far as the Court can tell, Plaintiff fails to allege any facts suggesting that any of the defendants did *anything* to him personally. A federal court is not "a forum for generalized grievances," and the Supreme Court has consistently held that a plaintiff who files a complaint "claiming only harm to his and every citizen's interest in proper application of the Constitution and laws, and seeking relief that no more directly and tangibly benefits him than it does the public at large," does not state a case or controversy under Article III. *Lance v. Coffman*, 549 U.S. 437, 439 (2007) (internal quotation marks and citation omitted).

And even if Plaintiff could satisfy the standing requirements, he may not assert any constitutional claims against Fox News Network, MSNBC, CNN Worldwide, and the Republican and Democratic National Parties because they are not state actors. A claim for relief under § 1983 must allege facts showing that each defendant acted under the color of a state "statute, ordinance, regulation, custom or usage." 42 U.S.C. § 1983. Private parties are therefore not generally liable under the statute. *Sykes v. Bank of America*, 723 F.3d 399, 406 (2d Cir. 2013) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties."). As Defendants Fox News

Network, MSNBC, CNN Worldwide, and the Republican and Democratic National Parties[4] are private parties who do not work for any state or other government body, Plaintiff has not stated a claim against these defendants under § 1983.

Plaintiff also purports to assert claims under 18 U.S.C. §§ 241, 242, 245, 247. But these provisions are criminal statutes and Plaintiff cannot initiate the arrest and prosecution of an individual in this Court because "the decision to prosecute is solely within the discretion of the prosecutor." *Leeke v. Timmerman*, 454 U.S. 83, 87 (1981). Nor can Plaintiff direct prosecuting attorneys to initiate a criminal proceeding against Defendants, because prosecutors possess discretionary authority to bring criminal actions, and they are "immune from control or interference by citizen or court." *Conn. Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 87 (2d Cir. 1972).

## LEAVE TO AMEND

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid

---

[4] Political parties are not state actors for purposes of § 1983. *Pietsch v. Marcantonio*, No. 13-CV-4696 (JS) (WDW), 2013 WL 6064204, at *4 (E.D.N.Y. Nov. 18, 2013); *see Emmanuelli v. Priebus*, 500 F. App'x 886, 888-89 (11th Cir. 2012) (affirming dismissal of § 1983 claims against Republican National Committee because it is not a state actor for purposes of appellant's statutory and constitutional claims); *Fulani v. McAuliffe*, No. 04-CV-6973, 2005 WL 2276881, at *5 (S.D.N.Y. Sept. 19, 2005) (dismissing § 1983 claims against the Democratic National Committee because it is not a state actor and holding that the DNC's "mere receipt of public funds is insufficient to transform private entities or individuals into state actors") (citation omitted).

claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). The Court is doubtful that Plaintiff can allege facts to state a valid claim. But in light of his *pro se* status, the Court grants Plaintiff sixty days' leave to file an amended complaint that complies with Rule 8.

In the statement of claim, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant named in the amended complaint. Plaintiff is also directed to provide the addresses for any named defendants. To the greatest extent possible, Plaintiff's amended complaint must:

    a) give the names and titles of all relevant persons;

    b) describe all relevant events, stating the facts that support Plaintiff's case including what each defendant did or failed to do;

    c) give the dates and times of each relevant event or, if not known, the approximate date and time of each relevant event;

    d) give the location where each relevant event occurred;

    e) describe how each defendant's acts or omissions violated Plaintiff's rights and describe the injuries Plaintiff suffered; and

    f) state what relief Plaintiff seeks from the Court, such as money damages, injunctive relief, or declaratory relief.

Essentially, the body of Plaintiff's amended complaint must tell the Court: who violated his federally protected rights; what facts show that his federally protected rights were violated; when such violation occurred; where such violation occurred; and why Plaintiff is entitled to relief. **The Court strongly encourages Plaintiff to use the Court's amended complaint form and to limit any amended complaint to 20 pages or less.**

**Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wishes to maintain must be included in the amended complaint.**

**CONCLUSION**

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

The Court grants Plaintiff sixty days' leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit any amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 20-CV-9161 (LLS). An Amended Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the Court will enter judgment dismissing this action for the reasons stated in this order, and direct the Clerk of Court to close this action. the complaint will be dismissed for failure to state a claim upon which relief may be granted.

SO ORDERED.

Dated:   December 9, 2020
         New York, New York

_____
LOUIS L. STANTON
U.S.D.J.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____                    ____ Civ. _____ ( ____ )

_____

*(In the space above enter the full name(s) of the plaintiff(s).)*          **AMENDED**
                                                                         **COMPLAINT**

                    -against-

_____          Jury Trial:  ☐ Yes     ☐ No

_____                              (check one)

_____

_____

_____

_____

_____

_____

_____

_____

*(In the space above enter the full name(s) of the defendant(s).  If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names.  The names listed in the above caption must be identical to those contained in Part I.  Addresses should not be included here.)*

I.      **Parties in this complaint:**

A.      List your name, address and telephone number.  If you are presently in custody, include your identification number and the name and address of your current place of confinement.  Do the same for any additional plaintiffs named.  Attach additional sheets of paper as necessary.

Plaintiff      Name _____

               Street Address _____

               County, City _____

               State & Zip Code _____

               Telephone Number _____

B.      List all defendants.  You should state the full name of the defendant, even if that defendant is a government agency, an organization, a corporation, or an individual.  Include the address where each defendant may be served.  Make sure that the defendant(s) listed below are identical to those contained in the above caption.  Attach additional sheets of paper as necessary.

Defendant No. 1    Name _____

                          Street Address _____

                          County, City _____

                          State & Zip Code _____

                          Telephone Number _____

Defendant No. 2    Name _____

                          Street Address _____

                          County, City _____

                          State & Zip Code _____

                          Telephone Number _____

Defendant No. 3    Name _____

                          Street Address _____

                          County, City _____

                          State & Zip Code _____

                          Telephone Number _____

Defendant No. 4    Name _____

                          Street Address _____

                          County, City _____

                          State & Zip Code _____

                          Telephone Number _____

## II.    Basis for Jurisdiction:

Federal courts are courts of limited jurisdiction. Only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case involving the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one state sues a citizen of another state and the amount in damages is more than $75,000 is a diversity of citizenship case.

A.    What is the basis for federal court jurisdiction? *(check all that apply)*

        ☐ Federal Questions        ☐ Diversity of Citizenship

B.    If the basis for jurisdiction is Federal Question, what federal Constitutional, statutory or treaty right is at issue? _____

_____

_____

C.    If the basis for jurisdiction is Diversity of Citizenship, what is the state of citizenship of each party?

    Plaintiff(s) state(s) of citizenship _____

    Defendant(s) state(s) of citizenship _____

_____

### III.    Statement of Claim:

State as briefly as possible the <u>facts</u> of your case.   Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases or statutes.  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  Attach additional sheets of paper as necessary.

A.    Where did the events giving rise to your claim(s) occur? _____
_____

B.    What date and approximate time did the events giving rise to your claim(s) occur? _____
_____
_____

C.    Facts: _____

**What happened to you?**

**Who did what?**

**Was anyone else involved?**

**Who else saw what happened?**

### IV.    Injuries:

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received. _____

**V.      Relief:**

State what you want the Court to do for you and the amount of monetary compensation, if any, you are

seeking, and the basis for such compensation.  _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____


**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this ____ day of _____, 20___.

                                    Signature of Plaintiff      _____

                                    Mailing Address           _____

                                                        _____

                                                        _____

                                    Telephone Number       _____

                                    Fax Number *(if you have one)*  _____


<u>Note</u>:    All plaintiffs named in the caption of the complaint must date and sign the complaint.  Prisoners
            must also provide their inmate numbers, present place of confinement, and address.


<u>For Prisoners</u>:

I declare under penalty of perjury that on this _____ day of _____, 20___, I am delivering
this complaint to prison authorities to be mailed to the *Pro Se* Office of the United States District Court for
the Southern District of New York.


                                    Signature of Plaintiff:     _____

                                    Inmate Number            _____