UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PHILIP A. BRALICH, PH.D.,

                Plaintiff,

-against-

FOX NEWS NETWORK, LLC, *et al.*,

                Defendants.

20-CV-9161 (LLS)

ORDER OF DISMISSAL

LOUIS L. STANTON, United States District Judge:

    Plaintiff, who is proceeding *pro se* and *in forma pauperis* ("IFP"), filed this complaint alleging that Defendants violated his rights. By order dated December 9, 2020, the Court directed Plaintiff to amend his complaint to address deficiencies in his original pleading. On January 7, 2021, Plaintiff filed an amended complaint, and on January 28, 2021, he filed a second amended complaint.[1] The Court has reviewed Plaintiff's submissions, and dismisses the action for the reasons set forth below.

## STANDARD OF REVIEW

    The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also

---

[1] In the time since Plaintiff filed the original complaint in this action, he has filed at least two similar complaints in other U.S. District Courts. *See Bralich v. Fox News Network, LLC*, No. 20-CV-4466 (AT) (N.D. Ga. final report and recommendation issued Feb. 10, 2021) (recommending dismissal of the complaint for plaintiff's failure to pay the filing fees and comply with orders of the court); *Bralich v. Fox News Network, LLC*, No. 20-CV-3248 (UNA) (D. D.C. Nov. 11, 2020) (dismissing the complaint for failure to meet the minimal pleading standards set forth in Rule 8(a) of the Federal Rules of Civil Procedure).

dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

The second amended complaint names a total of 56 defendants, including on-air media personalities such as Sean Hannity and Tucker Carlson, presidents or CEOs of media companies,

political party officials, and a number of private citizens.[2] Plaintiff's "Short and Plain Statement of Claim" reads as follows:

> The Plaintiff has sustained personal injury, property damage, and damage to his reputation over the course of his career partly detailed as to time and place in his resume (Exhibit B) and particularized below in terms of lost wages and professional opportunities, pain and suffering in terms of diagnosed PTSD, stress, and anxiety, and damage to his family, social and professional life and the loss of benefits and enjoyments thereof through a scheme of Extortion and Coercion by threats and acts of Defamation perpetrated by the Defendants in order to coerce the Plaintiff to perform acts against his will of both a legal and illegal and sexual and non-sexual nature as well as to admit to crimes he did not commit and to proclivities he does not have, all of which also constituted sexual harassment and violations of his Constitutional Rights according to Amendments I, V, IV, VII, VIII, and IVX and Federal Civil Rights under Title IX and those of New York State and City laws. The Federal Amendments and Statutes are alleged under 42 U.S.C. "Color of Law" statutes due to the Defendants attenuation to themselves of the authority of their seated Law Enforcement, Court Officer, and elected and appointed Governmental Officers who appear as guests to dupe their viewers into believing that they too are acting under the authority of U.S. law in participating in the scheme of Extortion and Coercion via Defamation.
>
> The falsified biography of the Plaintiff in the described acts of Extortion and Coercion by threats and acts of Defamation denied and reversed the realities of his hard earned, good reputation and professional achievements and was riddled with criminality, indigency, deviancy, violence, potential menace to the community, and an angry confrontationalism that created a public fracas and a situation of great public concern, which falsified biography was disseminated with a Negligence attaining to the degree of Depraved Indifference and was perpetrated by the individual Defendants as described below.

(ECF No. 9, at 7-8.)

Plaintiff describes his legal claims as follow:

To wit, pursuant to New York State and New York City Common Law regarding Civil Rights, Sexual Harassment, and Mencher v. Chesley, 297 N.Y. 94, 75 N.E.2d 257 (1947) (Defamation) including reference to NY Penal Code § 130.00 (Sexual Harassment) and §; and as per Federal Statute 42 U.S.C. 1983 and by that, Constitutional Amendments I, V, , VII, VIII, and XIV, 42 U.S.C. 1981, 1981a, 1985, 1988 § 2000e §§ 102, 230, 245, 270, 400, 703, 704 or 717, and Subsections 3631 and 14141; U.S.C. 18, Chapter 12, § 241, § 242, § 254, § 247,

---

[2] The second amended complaint is largely the same as the amended complaint, except that the second amended complaint names 27 additional defendants.

> 28 U.S.C. § 4101(1) (Civil Rights); and, as per U.S.C. 18 § 1964(c) (RICO) and referencing U.S.C. 18 § 1962(b) (Extortion) stating that the relevant state criminal laws cited in a RICO Civil suit be included therein, and according to that, pursuant to New York Penal Law § 155.05(2)(e) (Extortion) and § 1962 (c) and (d) of the Federal RICO Act, the pro se Plaintiff humbly and respectfully submits this Complaint and Request for Injunction with the U.S. District Court of the District of New York to seek monetary relief in the amount of $72,000,000.00 dollars for damages and injuries sustained through the negligence and depraved indifference of the Defendants identified in the caption of this Complaint as well as for injunctive relief in the form of both a preliminary and a permanent injunction against the continuance of speech and acts described in the following sections of this complaint, and finally, for a jury trial for all counts that are so triable.

(*Id.* at 3.)

The remainder of the second amended complaint is similarly incoherent and lacking in any specific factual allegations. For example, Plaintiff writes,

> With the stated and express purpose of harming the Plaintiff socially and personally in his person through exposing him to the possibility of physical and sexual violence as well as in his family, social, and professional life through speech and acts of defamation and harassment with deliberate indifference demonstrated in overt statements as well as the snickering and taunting that accompanied the orally delivered threats and acts of the crimes and torts at the same times and the same places of their perpetration or later upon viewing the Plaintiff in visible distress and in protest of the matter in dates and places described in Plaintiff's resume and other sections of this complaint, contrived, determined, and caused such harm and demonstrate the deliberate negligent nature of these breaches of the duties toward the preservation of justice and the protection of the innocent that extends to all members of a civil society.

(*Id.* at 16.)

To the extent Plaintiff makes any allegations against specific individual defendants, he does so in parenthetical remarks beneath their names in his list of defendants. For example, under the names of Sean Hannity and other media personalities, Plaintiff writes, "Highly paid for his expertise at the Defamation dynamic." (*Id.* at 9.) He describes Philip T. Griffin, President of MSNBC, as an "[i]nstigator of schedule policies weaving State Actors throughout the programming." (*Id.* at 8.) The Chairs of the Republican and Democratic National Committees are

"[i]nstigator[s] of policies encouraging State Actors to appear throughout the media." (*Id.*) And Kelly Finey, owner of the British Bulldog Pub in Monterey, California, provides a "[l]ocal center for dissemination and propagation of described Defamation." (*Id.* at 9.)

Plaintiff seeks $72 million in damages. (*Id.* at 25.)

## DISCUSSION

### A.   Article III standing

The second amended complaint fails to cure the deficiencies identified in the Court's order to amend. The Court can discern no cognizable legal claim in the second amended complaint for which Plaintiff has standing to assert. Under Article III's standing requirement, a party must show (1) "an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Gill v. Whitford*, 138 S. Ct. 1916, 1929 (2018) (quoting *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016)). "Foremost among these requirements is injury in fact – a plaintiff's pleading and proof that he has suffered the 'invasion of a legally protected interest' that is 'concrete and particularized,' *i.e.*, which 'affect[s] the plaintiff in a personal and individual way.'" *Id.* (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 n.1 (1992)). "If plaintiffs lack Article III standing, a court has no subject matter jurisdiction to hear their claim." *Mahon v. Ticor Title Ins. Co.*, 683 F.3d 59, 62 (2d Cir. 2012) (internal quotation marks and citation omitted).

Plaintiff fails to allege any specific facts suggesting that he has suffered a concrete and particularized injury that is traceable to Defendants. To be sure, the second amended complaint includes long lists of injuries Plaintiff's alleges he incurred. For example, Plaintiff suggests that he has been accused of crimes:

> Specifically, the crimes cited in regard to the Plaintiff included: a) accusations of rape, murder, spousal abuse, and physical violence against others and were quite common throughout the whole experience, (b) though less common but generally

> present were accusations of being infected with AIDS or sexually transmitted
> Herpes due to his alleged promiscuity, (c) the most common included accusations
> of particularly disgusting perversions, homosexual promiscuity, heterosexual
> promiscuity, and adultery, and (d) finally accusations of having cheated
> throughout the Plaintiff's career both in graduate school and as an instructor in
> community colleges or of having completely falsified his background to cover
> time spent in prison or time spent as a wandering indigent.

(*Id.* at 17.)

Despite his verbosity, Plaintiff does not allege a single specific incident in which anyone, let alone any of the defendants, accused him of committing a crime. In fact, he fails to allege that any of the defendants did *anything* to him personally. Because Plaintiff alleges no facts suggesting that he has suffered an injury-in-fact that is traceable to Defendants and capable of bring redressed through a favorable judicial decision, Plaintiff lacks standing to assert his claims. The Court therefore dismisses the action for lack of subject matter jurisdiction.[3]

**B.     Further leave to amend is denied**

District courts generally grant a *pro se* plaintiff leave to amend a complaint to cure its defects, but leave to amend may be denied if the plaintiff has already been given an opportunity to amend but has failed to cure the complaint's deficiencies. *See Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's amended complaint cannot be cured with a further amendment, the Court declines to grant Plaintiff another opportunity to amend.

---

[3] Even if Plaintiff had standing to bring to his claims, the second amended complaint suffers from other fatal defects. For example, virtually all of the defendants are private parties, and private parties generally may not be held liable for constitutional violations under § 1983. *See Sykes v. Bank of America*, 723 F.3d 399, 406 (2d Cir. 2013) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties.").

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

The Court dismisses the second amended complaint for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

SO ORDERED.

Dated:   February 18, 2021
         New York, New York

                                          _____
                                          LOUIS L. STANTON
                                          U.S.D.J.