UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PHILIP A. BRALICH, PH.D.,

                Plaintiff,

-against-

FOX NEWS NETWORK, LLC, *et al.*,

                Defendants.

20-CV-9161 (LLS)

ORDER

LOUIS L. STANTON, United States District Judge:

    By order dated February 18, 2021, the Court dismissed this action for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(h)(3). (ECF 10.) The Court entered judgment on February 19, 2021. (ECF 11.)

    On April 5, 2021, the Court received Plaintiff's notice of appeal along with a motion for an extension of time to file a notice of appeal. (ECF 13, 14.) For the following reasons, the Court grants Plaintiff's motion for an extension of time to appeal.

## DISCUSSION

    A litigant has 30 days from the entry date of the order or judgment he wishes to challenge to file a notice of appeal. Fed. R. App. P. 4(a)(1)(A). The Court's February 18, 2021 order and judgment were entered one day later, on February 19, 2021. Thus, Plaintiff had until March 22, 2021, to file a notice of appeal.[1] Because Plaintiff did not file his notice of appeal until April 5, 2021, his notice of appeal is untimely.

    Under Rule 4(a)(5) of the Federal Rules of Appellate Procedure, however, a litigant may seek an extension of time to file a notice of appeal. The motion for an extension of time must be

---

[1] The last day of the 30-day period in which Plaintiff could have filed a motion for an extension of time actually fell on Sunday, March 21, 2021. Because the last day of that period fell on a Sunday, the period was extended to the next court business day, Monday, March 22, 2021. *See* Fed. R. App. P. 26(a)(1)(C).

filed within 30 days of the expiration of the period to file a notice of appeal, and must also show excusable neglect or good cause. Fed. R. App. 4(a)(5)(A)(i), (ii). Plaintiff had until April 21, 2021, to file a motion for an extension of time. Plaintiff timely filed his motion on April 5, 2021.

In his motion, Plaintiff alleges that he did not know that he was required to file a notice of appeal in the district court. He was instead under the impression that he needed to file a "Writ of Mandamus" in the Court of Appeals. (ECF 13, at 1.) A letter from Plaintiff that was received by the Clerk of Court on March 3, 2021, and that was also addressed to the Clerk of the Court of Appeals for the Second Circuit, suggests that Plaintiff did indeed make a good-faith, although mistaken, attempt to file a timely appeal.[2] (*See* ECF 12.)

Because Plaintiff has shown good cause for delay, the Court grants his motion for an extension of time to file a notice of appeal. The Clerk of Court is directed to process Plaintiff's notice of appeal (ECF 14) in accordance with the procedures of the Clerk's Office.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. The Court grants Plaintiff's motion for an extension of time to file a notice of appeal (ECF 13). The Clerk of Court is directed to process Plaintiff's notice of appeal (ECF 14) in accordance with the procedures of the Clerk's Office.

SO ORDERED.

Dated:   April 9, 2021
        New York, New York

*Louis L. Stanton*
LOUIS L. STANTON
U.S.D.J.

---

[2] Plaintiff's letter states in full: "Please add the attached amended Certificate of Service to record for Notice of Request for Writ of Mandamus in [this action]." (ECF 12, at 1.) The letter also included a "Certificate of Service" affirming that Plaintiff had mailed the "foregoing document" to the 55 Defendants named in the action. (*Id.*)